UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARISA M. BENITEZ,                       CASE NO.: 23-136

       PLAINTIFF,

V.

GENCARE RESOURCES LLC,

    DEFENDANT.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, DARISA M. BENITEZ, (hereinafter referred to as "the Plaintiff"), by and through her undersigned counsel and sues the Defendant, GENCARE RESOURCES LLC (hereinafter referred to as "the Defendant"), and states as follows:

### INTRODUCTION

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq ("FLSA"), False Claims Act, 31 U.S.C. § 3730(h) ("FCA"), and Florida Private Sector Whistleblower's Act "FWA", Fla. Stat. Ch. 448.101-.105 ("FWA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The venue is proper in the Middle District of Florida because the Defendant employed the Plaintiff in Orange County, Florida, where the Defendant maintains its headquarters in the Middle District of Florida.

4.  The Defendant is a Florida Limited Liability Corporation and conducts business in Orange County, Florida, where the Plaintiff worked for the Defendant, and at all times material hereto was and is engaged in interstate commerce.

5.  The Plaintiff has retained the Malatesta Law Office to represent her in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

### RETALIATION ALLEGATIONS

6.  Plaintiff was hired by Defendant in early November of 2021 as a Scheduling Coordinator.

7.  Throughout most of her employment, Plaintiff participated in weekly meetings and routinely worked with Paul Rowe.

8.  Every Monday, Plaintiff was responsible for verifying records to populate an Excel spreadsheet utilized to invoice federal Medicare and Medicaid programs for services provided to patients. The Excel spreadsheet and invoices submitted to the federal programs were required to be detailed by day – not per week. Further, physicians ordered instructed services to be provided on specific days. Absent authorization from a physician, Defendant was not authorized to request payment from the Federal Government.

9.  The Defendant struggled to get nursing coverage to provide the services specifically authorized by the program and the patient's treating physician.

10. One of the Plaintiff's patients, a minor participating in a Medicaid program, was authorized to receive services at specific hours on specific days by the program and the minor's treating physician.

11. Mr. Paul Rowe instructed Plaintiff to falsely enter information on the Excel spreadsheet that altered the hours as to when services were provided on days they did not actually occur.

12. On Monday, August 1, 2022, Plaintiff refused to falsely mark down the hours that services were provided when they were not provided in accordance with the physician's orders which is a condition precedent to payment.

13. The false records and statements include, but may not be limited to, the representations made in the Defendant's billings to the United States Government and its agents, through explicit and implicit certifications of compliance with federal regulations, statutes, and program instructions to get paid by the United States Government.

14. The FCA imposes liability on any person who knowingly makes, uses or causes to be made or used false records or statements material to a false or fraudulent claim presented to the United States Government for payment or approval for reimbursement. 31 U.S.C. §3729(a)(1)(B)).

15. As a result of these false records or statements, the United States Government suffered or will damages.

16. Plaintiff reported her concerns about false records directly to Mr. Paul Rowe and her supervisor/acting Director of Nursing, Ms. Tabitha Ortiz.

17. Mr. Rowe called Plaintiff via video conference upset because she did not record the false information relied upon to bill Medicare or Medicaid. Specifically, Mr. Rowe said that if she wasn't "in the group," she would be "out of the group."

18. The Plaintiff reported the disrespectful nature in which Mr. Rowe spoke to her to Tamica Shines of the Human Resources Department.  Ms. Shines advised Plaintiff that "we have to be understanding that the company is losing money and [Mr. Rowe] can be 'hard' on people."

19. The Plaintiff was promptly removed from the weekly office meeting and Mr. Rowe became distant.

20. The Plaintiff was terminated on September 1, 2022.

## COUNT I: VIOLATION OF 29 U.S.C. § 207 (OVERTIME)

21. Plaintiff realleges Paragraphs 1 through 5 of this Complaint as if fully set forth herein.

22. The Plaintiff was hired at an hourly rate of $18.00.

23. Plaintiff was an employee of Defendant and at all times relevant to violations of the FLSA was engaged in commerce as defined by 29 U.S.C. 207(a).

24. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

25. The annual gross revenue of Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

26. Beginning in late November 2021, Plaintiff possessed Defendant's on-call phone and was responsible for triaging issues - day and night.

27. Plaintiff's primary duty does not include the exercise of discretion and independent judgment.

28. Plaintiff's regular in-office schedule was 9:00 a.m. to 5:00 pm.

29. Plaintiff lacked the authority to hire or fire other employees.

30. Plaintiff did not direct the work of two or more employees of Defendant.

31. Prior to April 4, 2022, Plaintiff was paid an hourly rate of 18.00 per hour.

32. Plaintiff was only paid for her time working regular business hours. She received no compensation whatsoever for her time with the on-call phone.

33. On April 4, 2022, Plaintiff was moved to a salary of $800 per week. There was no change to Plaintiff's primary duties.

34. Plaintiff estimates that she worked approximately thirty to fifty overtime hours per week. This included significant work in the evenings and weekends addressing triaging issues for work. Defendant's policies and procedures required staff to contact Plaintiff prior to calling out and missing a shift. This caused Plaintiff to be contacted at all times of the day and night. When Plaintiff received a call out, Plaintiff was expected to promptly make a good-faith effort to contact other nurses and replace the nurse on the shift.

35. Defendant's telephone records, electronic mail system, and "Access to Care" practice management system will reflect activities being conducted seven days per week at all times of the day.

36. This calculation is subject to change as the actual hours worked during this period varied.

37. During the time Plaintiff was hourly, from November 2021 through March 2022, Plaintiff was entitled to $27.00 per hour for each hour she worked over forty hours.

38. Prior to the change from hourly to salary, Plaintiff estimates her unpaid overtime wages at $1,080 per workweek (40 hours overtime * 27.00 per hour). Plaintiff worked approximately 18 weeks with the on-call phone entitling her to $19,440 in unpaid overtime wages for this period.

39. After the change from hourly to salary, Plaintiff should be compensated under a fluctuating workweek method of calculation. Plaintiff was entitled to half-pay for each hour she worked in excess of forty hours. Plaintiff's regular rate of pay is $10.00 per hour ($800/80 hrs = $10.00 regular rate of pay). Claimant estimates she is owed $4,400 in unpaid overtime between April 2, 2022 and September 1, 2022.

40. Defendant willfully violated the FLSA by failing to compensate Plaintiff at time and one-half for all hours worked.

41. The Plaintiff is entitled to $23,840 in liquidated damages.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

(a)  declaring that Defendant, violated the overtime provisions of 29 U.S.C. § 207;

(b)  awarding the Plaintiff $23,840 in overtime wages;

(c)  awarding the Plaintiff $23,840 in liquidated damages;

(d)  awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

(e)  awarding the Plaintiff post-judgment interest; and

(f)  ordering any other and further relief this Court deems to be just and proper.

## COUNT II: VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLEBLOWER'S ACT "FWA"

42. The Plaintiff realleges Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

43. Section 448.103, Florida Statutes, provides a cause of action for any employee who has been the object of a retaliatory personnel action for objecting to or refusing to participate in any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation. *See* Florida Statutes § 448.102-448.103.

44. The Plaintiff objected to and refused to participate in the provision of false or fraudulent claims to the Federal Government which constitutes an actual violation of the False Claims Act (FCA), 31 U.S.C. §§ 3729 – 3733 and other laws, rules or regulations.

45. As a direct result of the Plaintiff's objections to, or refusals to participate in, such activities, policies, or practices which were in actual violation of one or more laws, rules, and regulations, the Defendant took retaliatory personnel action against her as defined by the Act, in that it terminated the Plaintiff's employment.

**WHEREFORE**, the Plaintiff demands judgment in her favor and against the Defendant for damages and relief as follows:

(a) compensatory damages for lost wages, benefits, and any other applicable remuneration;

(b) other compensatory damages as permitted by law;

(c) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position or front pay;

(d) the Plaintiff's attorney's fees and costs of this action, pursuant to Florida Statutes Section 448.104;

(e) injunctive relief prohibiting any further retaliatory action as provided under Florida Statutes § 448.103(2)(a); and

(f) any other such relief this Court deems just and proper.

## COUNT III: FCA RETALIATION 31 U.S.C. § 3730(h)

46. Plaintiff realleges Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

47. Plaintiff held a good-faith reasonable belief that entering false or fraudulent information into the Excel spreadsheet used for invoicing the United States Government would have caused the provision of false or fraudulent claims to the United States Government.

48. As more particularly described above, Plaintiff internally reported her objections to the scheme to violate the FCA and her refusal to participate in the scheme to violate the

FCA. Plaintiff's actions were in furtherance of the FCA. These actions constituted protected activity under the FCA.

49. As more particularly described above, Defendant knew of Plaintiff's protected activity under the FCA.

50. The Plaintiff was terminated for engaging in protected activity under the FCA.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages and relief as follows:

(a) 2 times the amount of back pay;

(b) special damages, which include litigation costs, reasonable attorney's fees, emotional distress, and other noneconomic harm from the retaliation;

(c) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position or front pay;

(d) costs of this act; and

(e) any other such relief this Court deems just and proper.

## JURY DEMAND

51. The Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 25, 2023.

Respectfully submitted,

By: /s/ Frank M. Malatesta, Esq.
**FRANK M. MALATESTA, ESQ.**
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256 - 3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*