UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARISA BENITEZ,                                         CASE NO.: 6:23-cv-00136-WWB-DCI

      PLAINTIFF,

V.

GENCARE RESOURCES LLC,

    DEFENDANT.
_____/

**JOINT MOTION AND STIPULATION FOR APPROVAL OF
SETTLEMENT AND DISMISSAL WITH PREJUDICE
AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, DARISA BENITEZ, and Defendant, GENCARE RESOURCES LLC, by and through their undersigned counsel, move for the entry of an order approving the Settlement Agreement and Release of Claims, which is attached as Exhibit "A," and for the entry of an order dismissing the FLSA claims, with prejudice. In support thereof, the Parties state as follows:

1. Plaintiff has filed a lawsuit against Defendant, presently pending in the Middle District Court of Florida, Orlando Division, styled <u>DARISA BENITEZ v. GENCARE RESOURCES LLC</u>, Case No.: 6:23-cv-00136-WWB-DCI (the "Civil Action").

2. Defendant filed its Answer and Affirmative Defenses to the Complaint denying Plaintiff's claims and asserting numerous affirmative

defenses, including, without limitation, that Plaintiff had no entitlement to the damages sought.

3. In order to avoid the uncertainties of litigation and the attorneys' fees associated with this type of action, the Parties have resolved the action in its entirety. However, since the settlement of claims under the FLSA requires approval of the Court, the parties are submitting the Agreement regarding the FLSA claims to this Court for approval. <u>Bonetti v. Embarq Management Co.</u>, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009); <u>Lynn's Food Stores, Inc. v. U.S.</u>, 679 F. 2d 1350 (11th Cir. 1982). Throughout the entirety of the resolution process, both Parties were represented by competent counsel with experience in this area of law.

4. The Parties have agreed to a settlement amount and Plaintiff has reasonably departed from her originally estimated damages for reasons cited herein.

5. The Parties agree this is a fair and reasonable settlement of a bona fide dispute.

6. The Settlement Agreement is attached hereto as Exhibit "A", and the Parties have agreed that the terms reflected in the FLSA Settlement Agreement are a mutually satisfactory compromise to resolve this dispute and that the consideration for the agreement satisfies Plaintiff's indebtedness for attorneys' fees and costs.

# MEMORANDUM OF LAW

### A.    The Standard of Review

Section 16(b) of the FLSA (29 U.S.C. § 216(c)) permits employees to settle and release FLSA claims against an employer if the parties present the trial court a proposed settlement and the trial court enters an order approving the fairness of the settlement. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982); see also Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 Ld.Ed. 1114 (1946). Before approving a FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." Lynn's Food, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Lynn's Food, 679 F.2d at 1354.

### B.    All Relevant Factors Support Approving the Proposed Settlement

In determining whether the settlement is fair and reasonable, the Court considers the following factors:

1. The existence of fraud or collusion behind the settlement;

  2. The complexity, expense, and likely duration of the litigation;

  3. The stage of the proceedings and the amount of discovery completed;

  4. The probability of plaintiff's success on the merits;

  5. The range of possible recovery; and

  6. The opinions of the counsel.

See Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007); see also Hill v. Florida Industrial Elec., Inc., No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6 (M.D. Fla. Feb. 9, 2007); Pacheco v. JHM Enterprises, Inc., et al., No. 6:05-cv-1247-Orl-JGG, at *4 (M.D. Fla. Apr. 12, 2006).

In reviewing such factors, there is a strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at * 2-3; see also Cotton v. Hinton. 559 F.2d 1326, 1331 (5th Cir. 1977). All such factors support approving settlement in this case.

  1. **There Is No Fraud in this Case**

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seems fair.

See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006).  Here, each party is independently represented by counsel.  Defendant is represented by Attorney Douglas T. Noah, Esq. of Dean, Ringers, Morgan & Lawton, P.A. and Plaintiff is represented by Frank Malatesta, Esq. of Malatesta PLLC. Both counsel involved have extensive experience in litigating FLSA claims.

    **2.    The Complexity, Expense, and Length of Litigation Support Early Resolution**

The complexity, expense, and length of litigation heavily weigh in favor of early settlement in this case.  The cost of protracted litigation, which would be required for the Parties to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high, and likely would exceed Plaintiff's alleged damages in this action.  The proposed settlement minimizes such costs, preserving the Parties' and the Court's time and resources.

    **3.    The Parties Have Sufficiently Investigated this Case Prior to Engaging in Settlement Discussions**

There has been sufficient investigation, discovery and exchange of information to allow the Parties to undertake a fair and reasonable settlement. The Parties have exchanged documents, including without limitation, information regarding payroll records, time records, compensation paid and

correspondence between the Parties.

**4.    Probability of Success on the Merits Is in Dispute**

The Parties vigorously dispute the merits of Plaintiff's claims – making protracted litigation inevitable if the proposed settlement is not approved. In particular, Defendant argued it was not liable under FLSA's overtime provisions because clear and affirmative evidence supported its contention the administrative exemption, as construed by 29 U.S.C. § 213(a)(1) and 29 C.F.R. §§ 541.200 – 541.202 applied to Plaintiff's employment. *See*, *Davis v. CEO Recruiting, Inc.*, 2019 WL 4893807 *4 (M.D. Fla 2019) (Irick, J.). In addition, Defendant argued the number of hours Plaintiff claimed to work at home was inconsistent with certain of its documentation. Based on the foregoing, Plaintiff's probability of success on the merits, the short length of Plaintiff's employment and the uncertainty that she would be awarded any amount or what such amount would be, further support the proposed compromise and show that this settlement is fair and appropriate.

**5.    The Range of Possible Recovery Supports Approving Settlement**

The proposed settlement includes payments of:

(a) $5,000 for unpaid wages, less applicable taxes and withholdings; and

(b) $5,000 for liquidated damages.

The Parties have also separately negotiated and agreed to settle Plaintiff's attorneys' fees for $6,000 (20 hours at $300.00 per hour) and costs in the amount of $491.00, and without regard to the amount to be paid to Plaintiff.

### 6. Counsel for Both Parties Agree the Proposed Settlement Represents a Fair Resolution

In addition to the parties' desire to compromise and settle Plaintiff's FLSA claim, they also wish to resolve and settle Plaintiff's remaining claims. Specifically, Count II of Plaintiff Complaint sought relief under Florida's Whistleblower Act, codified at FLA. STAT. § 448.101 – 448.105 and Count III sought relief under the False Claims Act, codified in relevant part at 31 U.S.C. §§ 379 – 3733. Defendant disputed Plaintiff's Whistleblower and False Act claims and any liability arising thereunder on numerous grounds including challenging Plaintiff's protected status under the claims and causation.

The parties have agreed to resolve and settle the remainder of Plaintiff's claims against Defendant for the total sum of Twenty-three Thousand, Five Hundred-Nine and no/100 dollars ($23,509.00), inclusive. The settlement of Plaintiff's remaining claims is independent from and unrelated to the settlement of her FLSA claims. Plaintiff's general release for the remainder of her employment claims is intended to resolve the parties' acrimonious relationship and avoid the possibility of future disputes and litigation separate and apart from Plaintiff's FLSA claims. Because the general release will be

supported by independent consideration that is in addition to the FLSA settlement sum, the general release should be approved. *See*, *Weldon v. Backwoods Steakhouse, Inc.*, 2014 WL 4385593 *4 (M.D. Fla. 2014). Given the facts and circumstances of this case, counsel for both Parties concur that the proposed settlement is a fair and reasonable compromise of all of Plaintiff's claims.

### C. The Proposed Attorneys' Fees Are Fair

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. See Helms, at *6-7; Strong v. BellSouth Telecomm., Inc., 137 F.3d 844, 849-50 (5th Cir. 1998). Provided "the plaintiff's attorneys' fee is agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to his attorney, the Court [should] approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." Bonetti, 2009 WL 2371407 at 3-4.

In this case, the attorneys' fees to be paid as part of the resolution of Plaintiff's claims were agreed upon by the Parties separately and without regard to the amount paid to Plaintiff. Accordingly, because the settlement is

reasonable on its face and Plaintiff's recovery was not adversely affected by the amount of the fees paid to his attorney, the Court should approve the settlement.

**WHEREFORE**, the Parties respectfully request that this Court approve the proposed settlement and dismiss the FLSA claims with prejudice.

By: */s/ Douglas T. Noah*
DOUGLAS T. NOAH, ESQ.
Florida Bar Number: 863970
Dean, Ringers, Morgan & Lawton P.A.
P.O. Box 2928
Orlando, FL. 32802-2928
Main Number: 407-422-4310
Facsimile: 407-648-0233
Email: dnoah@drml-law.com
Email: jillian@drml-law.com
Attorney for Defendant

*/s/ Frank Malatesta*
FRANK M. MALATESTA, ESQUIRE
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256-3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the parties.

*/s/Douglas T. Noah*
Counsel